UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

JOSEPH CHAVEZ, ALISHA CHAVEZ,
AND JESSICA CHAVEZ,

    Defendants.

Case No. 1:23-cv-01297-RJJ-SJB
Hon. Robert J. Jonker

## STIPULATED SETTLEMENT ORDER

This matter is before the Court on the Stipulated Settlement Order (the "Order"), as evidenced by the signatures of the counsel for Interpleader Plaintiff, Metropolitan Life Insurance Company ("MetLife") Defendants *in pro per* Joseph Chavez, Alisha Chavez, and Jessica Chavez, below. Together, Joseph Chavez, Alisha Chavez, and Jessica Chavez are referred to collectively as Defendants. Defendants and MetLife are referred to collectively as the Parties.

WHEREFORE, the Court FINDS:

    1.    MetLife filed a Complaint for Interpleader [ECF No. 1] on December 12, 2023 (the "Complaint"). That Complaint complies with the requirements for interpleader action set forth in 28 U.S.C. § 1331 and Fed. R. Civ. P. 22.

    2.    This interpleader action concerns conflicting claims related to plan benefits owed under the General Motors Life and Disability Benefits Program for Hourly Employees ("the Plan"), an ERISA-governed employee welfare benefit plan sponsored by General Motors Corporation ("GM") and funded by a group life insurance policy issued by MetLife, relating to life insurance coverage for Plan participant Thomas Chavez, deceased. The benefits at issue totaled $91,500.00.

3.     Thomas Chavez named his three children, Joseph, Alisha, and Jessica, to receive the Plan benefits equally. However, Joseph was found not guilty by reason of insanity for Thomas's murder. Under MCL 700.2803, "[a]n individual who feloniously and intentionally kills or who is convicted of committing abuse, neglect, or exploitation with respect to the decedent forfeits all benefits under this article with respect to the decedent's estate[.]"

4.     While Joseph's trial was pending, MetLife paid Alisha and Jessica their uncontested shares of one-third each. The remaining contested portion totals $30,195 (the "Remaining Benefits"), plus interest.

5.     MetLife is unable to determine whether MCL 700.2803 would prohibit Joseph from receiving the Remaining Benefits.

6.     Defendants have each appeared and answered the Complaint [ECF Nos. 6, 8, 9, and 10]. Each of the Defendants claimed an entitlement to the Remaining Benefits.

7.     MetLife is entitled to recover its attorneys' fees and costs incurred in bringing this action and has incurred over $9,500 in attorneys' fees and costs as of the date of this stipulation at an average rate of $345 per hour for 27.6 hours of time worked. Defendants agree to MetLife's proposed compromise as to its attorney fees and agree to pay MetLife's attorneys $3,000, which consists of $2,595 attributable to MetLife's attorneys' fees and $405 in costs incurred in bringing this action from the Plan Benefit (the "Agreed Attorney Fee"). The costs described consist of the filing fee for the complaint in this action. The Court finds that this compromise is reasonable, because it results in an effective rate of $94 per hour which is less than one third of the median for attorney rates in Grand Rapids, Michigan, which is $300 per hour. *See* 2023 Economics of Law Practice in Michigan at Table 6.

8.     On March 19, 2024, the Court appointed Charles Ofstein as guardian ad litem for Defendant Joseph Chavez. ECF No. 14. The Court further ordered that, in his capacity as guardian ad litem, Mr. Ofstein "is entitled to receive reasonable compensation from the amount of benefits available." *Id*. at PageID.117.

9.     Mr. Ofstein is entitled to recover his attorneys' fees and costs incurred in bringing this action and has incurred $1,075 in attorneys' fees as of the date of this stipulation at his firm's standard rate for guardian ad litem services in state court of $200.00 per hour for 5.50 hours of time worked. Defendants agree to proposed compensation for Mr. Ofstein of $1,075 (the "Agreed GAL Fee"). The Court finds that this compromise is reasonable, because it is below the median for attorney rates in Grand Rapids, Michigan, which is $300 per hour. *See* 2023 Economics of Law Practice in Michigan at Table 6.

10.    Net the Agreed Attorney Fee and Agreed GAL Fee, the remaining proceeds to be distributed totals $26,120 plus interest (the "Net Remaining Benefit").

11.    Defendants agree that the Net Remaining Benefit shall be paid 50% to Defendant Alisha Chavez and 50% to Defendant Jessica Chavez at the following addresses:

Alisha Chavez  
215 N. Canal Road Lot 25  
Lansing, Michigan 48917

Jessica Chavez  
1101 Clark Street  
Lansing, Michigan 48906

12.    Defendant Joseph Chavez waives his claim to the Net Remaining Benefit.

3

WHEREFORE, the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that Defendants Joseph Chavez, Alisha Chavez, and Jessica Chavez, and any other claimant to the Remaining Benefits, together with their agents, attorneys, and assigns are permanently enjoined from instituting or maintaining any additional federal, state, or administrative action against MetLife, the Plan, or GM, as well as their respective past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, or insurers relating to the Plan, the Plan Benefit, and/or the facts set described in MetLife's Complaint;

THE COURT HEREBY FINDS that MetLife's attorneys' fees are reasonable, are for services actually rendered in this action, and the Court awards MetLife claimed attorneys' fees in the amount of $2,595 and costs in the amount of $405 for a total of $3,000;

THE COURT HEREBY FINDS that Mr. Ofstein's fee for his service as guardian ad litem for Defendant Joseph Chavez is reasonable, is for services actually rendered in this action, and the Court awards Mr. Ofstein fees in the amount of $1075.00;

IT IS FURTHER ORDERED that Defendants Jessica Chavez and Alisha Chavez provide to MetLife, through its undersigned counsel, executed W-9 forms. Upon receipt of executed W-9 forms from Defendants Jessica Chavez and Alisha Chavez, MetLife is ordered to pay the Net Remaining Benefit 50% to Defendant Jessica Chavez and 50% to Defendant Alisha Chavez.

IT IS FURTHER ORDERED that MetLife, the Plan, and GM, along with any of their respective past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, and insurers are discharged from any and all liability with respect to the decedent's coverage under the

Plan, the Remaining Benefits, and/or the facts that comprise the basis of this interpleader action; and

    IT IS FURTHER ORDERED that, upon payment of the Net Remaining Benefit, this action is dismissed with prejudice, and without costs.

IT IS SO ORDERED.

Dated: __May 20,__ , 2024          __/s/ Robert J. Jonker__
                                                                             Honorable Robert J. Jonker
                                                                             District Court Judge

Stipulated and agreed as to form and content, notice of entry waived:

BODMAN PLC                                           /s/ _Jessie Chavez_
                                                            Jessica Chavez, *In Pro Per*

/s/ Erica J. Shell
Erica J. Shell (P80106)
6th Floor at Ford Field
1901 St. Antoine Street                          /s/
Detroit, Michigan 48226                    Alisha Chavez, *In Pro Per*
(313) 259-7777
eshell@bodmanlaw.com
Attorneys for Plaintiff
Metropolitan Life Insurance Company     /s/
                                                             Joseph Chavez, *In Pro Per*

Plan, the Remaining Benefits, and/or the facts that comprise the basis of this interpleader action; and

IT IS FURTHER ORDERED that, upon payment of the Net Remaining Benefit, this action is dismissed with prejudice, and without costs.

IT IS SO ORDERED.

Dated: _____, 2024

_____
Honorable Robert J. Jonker
District Court Judge

Stipulated and agreed as to form and content, notice of entry waived:

BODMAN PLC

/s/ Erica J. Shell
Erica J. Shell (P80106)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
eshell@bodmanlaw.com
Attorneys for Plaintiff
Metropolitan Life Insurance Company

/s/_____
Jessica Chavez, *In Pro Per*

/s/_____
Alisha Chavez, *In Pro Per*

/s/_____
Joseph Chavez, *In Pro Per*

5

Plan, the Remaining Benefits, and/or the facts that comprise the basis of this interpleader action; and

    IT IS FURTHER ORDERED that, upon payment of the Net Remaining Benefit, this action is dismissed with prejudice, and without costs.

IT IS SO ORDERED.

Dated: _____, 2024

                                        _____
                                        Honorable Robert J. Jonker
                                        District Court Judge

Stipulated and agreed as to form and content, notice of entry waived:

BODMAN PLC

/s/ Erica J. Shell
Erica J. Shell (P80106)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
eshell@bodmanlaw.com
Attorneys for Plaintiff
Metropolitan Life Insurance Company

/s/ _____
Jessica Chavez, *In Pro Per*

/s/ _____
Alisha Chavez, *In Pro Per*

/s/ _____
Joseph Chavez, *In Pro Per*